UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

STEPHEN LOUIS                                                                                          PLAINTIFF
SHERMOND BUFORD
ADC #116840

V.                              Case No. 4:24-CV-00438-BRW-BBM

DEXTER PAYNE, Director, ADC;
JAMES GIBSON, Warden, ADC; and
ANTHONY JACKSON, Warden, ADC                                                       DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommended Disposition. If you do not file objections, Judge Wilson may adopt this Recommended Disposition without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

I.    INTRODUCTION

On May 15, 2024, Plaintiff Stephen Louis Shermond Buford ("Buford"), a prisoner in the Varner Unit of the Arkansas Division of Correction ("ADC"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging Defendants—ADC Director Dexter Payne, Warden James Gibson, and Warden Anthony Jackson—violated his constitutional rights. (Doc. 2). Before Buford may proceed with this action, the Court must screen his

claims in accordance with the Prison Litigation Reform Act ("PLRA").[1] 28 U.S.C. § 1915A(a).

## II.   ALLEGATIONS

According to Buford, in October 2023, non-party Corporal Ashanti D. Sutton wrote a "Major Disciplinary," charging Buford with "indecent exposure and or masturbation" and refusing to obey orders of staff. (Doc. 2 at 4). Buford was provided notice of the charges on October 9 and received a hearing on October 10. *Id.* Based on Buford's testimony at the hearing, the date of the alleged offense was changed/corrected, and he was provided a second hearing on October 17, 2023. *Id.*

Thereafter, Buford was found guilty on all disciplinary charges. *Id.* As a result, he (1) received 30 days punitive isolation; and (2) lost his commissary, telephone, and visitation privileges for 60 days. *Id.* The "Warden" denied Buford's initial appeal of the disciplinary conviction because Buford allegedly waived his appearance at the hearing. *Id.* at 5. Buford proceeded to the next step of the disciplinary appeals process but has not "received a final decision from the Director." *Id.*

Buford maintains that he did *not* waive his appearance at the hearing and, by denying his appeal, the Defendants have denied him due process. *Id.* at 5, 7. Buford sues

---

[1] The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Defendants in their individual and official capacities. *Id.* at 2. He seeks compensatory and punitive damages. *Id.* at 6.

### III. DISCUSSION

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Id.* And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

However, "[a] pro se complaint must be liberally construed," and courts "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (cleaned up; citations omitted); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted). Liberally construing Buford's Complaint, he raises Fourteenth Amendment due process claims against the Defendants, which are based on allegations that the Defendants failed to properly process his appeals after he was found guilty of a disciplinary.

In order to maintain a due process challenge to a prison disciplinary proceeding, Buford must first show that he has a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). A liberty interest is only implicated if the alleged deprivations resulting from the disciplinary constitute "an

3

atypical and significant hardship" compared to normal prison life. *Phillips*, 320 F.3d at 847.

It is well-established that Buford's alleged deprivations—a thirty-day stay in punitive isolation and a sixty-day loss of commissary, telephone, and visitation privileges—do not constituted an atypical and significant hardship and, accordingly, do not implicate the liberty interest necessary to plead a due process claim. *Portley-El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (reaffirming that thirty days in punitive isolation is not an "atypical and significant hardship"); *Fisher v. Skinner*, No. 4:22-CV-00386-LPR-ERE, 2022 WL 2061981, at *1 (E.D. Ark. May 19, 2022), *report and recommendation adopted*, 2022 WL 2056314 (E.D. Ark. June 7, 2022), *aff'd*, No. 22-2841, 2022 WL 18862032 (8th Cir. Oct. 18, 2022) (holding sixty-day restriction on commissary, telephone, and visitation does not implicate liberty interest); *Norris v. Culelager*, No. 4:21-CV-00825-KGB-ERE, 2021 WL 9353166, at *1 (E.D. Ark. Sept. 20, 2021), *report and recommendation adopted*, 2022 WL 3970991 (E.D. Ark. Aug. 30, 2022), *aff'd*, No. 22-3391, 2023 WL 3477966 (8th Cir. Jan. 27, 2023) (same). Thus, it is recommended that Buford's due process claims be dismissed without prejudice for failure to state a claim.

## IV.   CONCLUSION

After careful consideration of Buford's Complaint (Doc. 2), the Court finds that Buford fails to state a claim upon which relief may be granted.

IT IS THEREFORE RECOMMENDED THAT:

1. Buford's Complaint (Doc. 2) be DISMISSED without prejudice.

2.  The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *see Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.), *cert. denied*, 142 S. Ct. 2837 (2022).

3.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition and the accompanying judgment would not be taken in good faith.

DATED this 20th day of May, 2024.

_____
UNITED STATES MAGISTRATE JUDGE